

**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
WWW.FINNEGAN.COM

**MARGARET A. ESQUENET**
202.408.4007
margaret.esquenet@finnegan.com

July 13, 2020

Honorable Theodore D. Chuang  **VIA ECF**
United States District Judge
United States District Court District of Maryland  **REDACTED VERSION**
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, MD 20770

Notice of Intent to File Motion for Sanctions
*Devine v. Bethesda Softworks LLC et al.* (Case No.: 8:19-cv-02009-TDC)

Dear Judge Chuang:

Bethesda Softworks LLC and ZeniMax Media Inc. (together, Bethesda) submit this letter pursuant to this Court's Case Management Order, Section II.A.2 (ECF 18). Bethesda notifies the Court of its intent to move for sanctions under Local Rule 104.8 and the Court's inherent powers.

## I. Introduction and Factual Background

Under the Court's Scheduling Order (ECF 46) requiring mediation by July 31, 2020, the parties conducted a two-day private mediation on June 29-30. The parties did not contemplate, and the Order did not require, that the mediation extend beyond the two-day period.



Frustrated that the parties did not reach a settlement at the end of the two days, Devine's counsel, Filippo Marchino and Thomas Gray (together, Counsel), elected to file a public Notice with the Court (ECF 55)

████████████████████████████████████████████████████████ These disclosures are blatant breaches of the Mediation Agreement, the Local Rules, and the MMCA.

Immediately upon receiving Devine's Notice, Bethesda sent Counsel a letter notifying them of their violations of mediation confidentiality and inaccuracies, and demanding withdrawal of the letter. Counsel refused to withdraw the Notice.

## II. Sanctions Against Marchino and Gray Are Warranted

Counsel Marchino and Gray should be sanctioned for disclosing confidential mediation information in their letter to the Court because these disclosures were presented to the Court for improper purposes, to harass Bethesda, and to needlessly increase the cost of litigation.

### A. Breach of Mediation Confidentiality under Local Rules and Maryland Law

Counsels' action in disclosing confidential mediation information in a public Court filing is both blatant and unlawful. D. Md. L.R. 607(4) (prohibiting disclosure of "*any* dispute resolution communication that in *any* respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals" to "*anyone*, including the judicial officer to whom the case is assigned") (emphasis added); Md. Code Ann., Cts. & Jud. Proc. § 3-1803(b) (prohibiting "any person present . . . in a mediation" from disclosing "mediation communications . . . in *any* judicial proceeding" and requiring "confidentiality of all mediation communications" where, as here, the parties so agree). *See also Bernard v. Galen Grp., Inc.,* 901 F. Supp. 778, 779–84 (S.D.N.Y. 1995) (letter to court disclosing details of mediation violated court's mediation confidentiality order; finding breach "galling" and sanctioning counsel for disclosures); *Davis v. Kansas City Fire & Marine Ins. Co.,* 195 F.R.D. 33, 38 (N.D. Okla. 2000) (filing confidential settlement statement with court sanctionable with fine and public reprimand for attorney); *Zuver v. Sprigg*, No. CV 16-2505 (DLF), 2018 WL 3617308, at *12 (D.D.C. June 13, 2018) (breach of confidentiality provision of mediation agreement when counsel disclosed to court that opposing party had rejected proposal from the mediator and sanctioning counsel).[1] As reflected in these rules and court decisions, confidentiality is a critical element of the mediation process and warrants strict compliance by the parties and judicial enforcement by courts to protect the integrity of mediation.

### B. The Court Should Sanction Counsels' Breach of Confidentiality Obligations

As a threshold sanction, this Court should revoke the *pro hac vice* admissions of Marchino and Gray and disqualify them from this case based on their brazen disregard of the Local Rules and their confidentiality obligations. *Data Sys. Analysts, Inc. v. Netplex Grp., Inc.*, 187 F.R.D. 181, 183-84 (D. N.J. 1999) ("Revocation of *pro hac vice* admission is a recognized sanction for violation of court orders or disciplinary rules").

Further, the Court should impose additional sanctions as it deems appropriate, including striking the Notice and ordering counsel to reimburse Bethesda's fees and costs related to the

---

[1] The extent of the disclosures (amounting to half of the Notice) establishes that the disclosures were intentional, not inadvertent. Moreover, Counsel failed to seal the Notice, demonstrating that their true purpose is to coerce Bethesda. Bethesda further notes that, in violation of Local Rule 104.7, local counsel did not sign the letter and are not even in the signature block.

mediation and its motion for sanctions. "[C]ourts routinely impose sanctions on attorneys who disclose confidential mediation communications." *Zuver*, 2018 WL 3617308 at *12. For example, courts have awarded sanctions ranging from monetary sanctions to dismissal of the case for the intentional disclosure of mediation details. *See Hand v. Walnut Valley Sailing Club*, 475 Fed. App'x. 277 (10th Cir. 2012) (dismissing case); *Zuver*, 2018 WL 3617308 at *12 (sanctions in the form of the costs attributable to counsel's intentional disclosure); *Bernard*, 901 F. Supp. at 782-84 (S.D.N.Y. 1995) (court-imposed sanctions in the form of a fine).

C. **Devine's Notice Was Filed in Bad Faith**



Even if speculation and industry rumors were proper to consider (they are not), the few cases cited in Counsel's Notice are inapposite as they concern the dissipation of fraudulently acquired assets. *U.S. ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 496 (4th Cir. 1999) (freezing assets where debtor engaged in healthcare-related fraud, the federal government submitted evidence that assets were being moved offshore, and public interest favored freezing assets as funds were taken from federal funds, including Medicare); *Levitt v. State of Md. Deposit Ins. Fund Corp.*, 66 Md. App. 524, 537, 505 A.2d 140, 147 (1986) (asset freeze only available "when fraud is alleged and the facts as pleaded indicate a substantial likelihood of fraud, as well as the probability that the defendants will, before judgment, dispose of assets fraudulently acquired"); *Teferi v. Dupont Plaza Assocs.*, 77 Md. App. 566, 573 (1989) (applying same rule against suspected embezzler employee); *Allen Corp. of Am. v. Zayas*, No. CIV.A. TDC-14-3719, 2014 WL 6893868, at *2 (D. Md. Dec. 4, 2014) (defendant allegedly stole money from plaintiff's accounts).

Counsel should be sanctioned because the disclosures and statements made in the Notice are reckless, disparaging, and highly prejudicial to Bethesda, and were made to the Court for the purpose of harassment.

Respectfully submitted,

*/Margaret A. Esquenet/*

Margaret A. Esquenet (D. Md. Bar. No. 27775)
Anna B. Naydonov (D. Md. Bar No. 21144)



FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

## CERTIFICATE OF SERVICE

I, Margaret A. Esquenet, hereby certify that on July 13, 2020, the foregoing DEFENDANTS BETHESDA SOFTWORKS LLC'S AND ZENIMAX MEDIA, INC.'S NOTICE OF INTENT TO FILE MOTION FOR SANCTIONS was filed and served using the Court's CM/ECF system, and was also served via e-mail, upon Counsel for Plaintiff:

Filippo Marchino
The X-Law Group, P.C.
625 Fair Oaks Ave., Ste. 390
South Pasadena, CA 91030
213-599-3380
Fax: 213-599-3370
Email: fm@xlawx.com

Thomas E Gray
The X-Law Group, P.C.
625 Fair Oaks Ave. Ste. 390
South Pasadena, CA 91030
213-599-3380
Fax: 213-599-3370
Email: tg@xlawx.com

Tom Cassaro
The X-Law Group, P.C.
1910 W Sunset Blvd., Ste. 450
Los Angeles, CA
213-599-3380
Fax: 213-599-3370
Email: tc@xlawx.com

Charles A Gilman
Gilman & Bedigian, LLC
1954 Greenspring Drive, Suite 250
Timonium, MD 21093
410-560-4999
Fax: 410-308-3116
Email: cgilman@gblegalteam.com

Hendrick Briggs Bedigian
Gilman & Bedigian, LLC
1954 Greenspring Drive, Suite 250
Timonium, MD 21093
410-560-4999
Fax: 410-308-3116
Email: hbb@gblegalteam.com

*/s/ Margaret A. Esquenet*
Margaret A. Esquenet