

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

August 17, 2020

Honorable Gina L. Simms  
United States Magistrate Judge  
United States District Court District of Maryland  
Greenbelt Division  
6500 Cherrywood Lane  
Greenbelt, MD 20770

**VIA ECF ONLY**  
**REDACTED VERSION**

Reply in Support of Notice of Intent to File Motion for Sanctions  
<u>Devine v. Bethesda Softworks LLC et al.</u> (Case No.: 8:19-cv-02009-TDC)

Dear Judge Simms:

Bethesda and ZeniMax ("Bethesda") submit this Reply in support of their intent to file a motion for sanctions (ECF 57). Counsel Marchino and Gray ("Counsel") should be sanctioned for disregarding their mediation confidentiality obligations and for intentionally harassing Bethesda.

**I.**     **Marchino and Gray Disclosed Extensive Confidential Mediation Details**



**II.**     **Counsel's Disclosures Violate Mediation Privilege**

Revealing these statements to the Court and public violates mediation privilege. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-1803(b) (MMCA); Local Rule 607.4; Mediation Agreement.

Counsel attempts to avoid sanctions for its misconduct by fabricating new limitations on mediation privilege, none of which have any basis in law. (*See* ECF 68.)

A.  **Mediation Privilege Applies to the Entire Mediation Process**

Counsel asserts that mediation privilege existed only during the hours of the mediation session (ECF 68 at 1.) This defense is not supported by law. Whether such information was obtained during those hours is irrelevant. Rather, the privilege extends to all communications related to the mediation *process*. (*See* MMCA at § 3-1801 ("a communication made for the purpose of considering, initiating [before], continuing [during], reconvening, or evaluating a mediation or a mediator [before, during, and after]"); L.R. 607.4 (requiring confidentiality of the entire "ADR process"); Mediation Agreement (requiring that "the entire mediation process" is confidential). The Fourth Circuit has rejected the notion that a mediation "process" refers only to the session itself. *See J.D. ex rel. Davis v. Kanawha Cty. Bd. of Educ.*, 571 F.3d 381, 385–86 (4th Cir. 2009) (interpreting statutory provision regarding discussions "during the mediation process" to apply to statements made after the session, noting "the timing of the [disclosure] is immaterial").

[REDACTED] Accordingly, Counsel's position that those communications were not part of the mediation process strains credulity.

B.  **Mediation Privilege Protects All Details of the Mediation**

Counsel assert that, to be privileged, the information must constitute a settlement offer or weigh the merits of the case.[1] (ECF 68 at 1.) No such requirement exists under the MMCA, the Local Rules, or the Mediation Agreement, and the Fourth Circuit has rejected this overly-narrow interpretation of mediation privilege. *Willis v. Trenton Mem'l Ass'n*, No. 97-1123, 1998 WL 812110 at *2 (4th Cir. Sep. 22, 1998) (factual findings and legal conclusions of a mediator were privileged under local rules); *accord Zuver v. Sprigg*, No. CV 16-2505 (DLF), 2018 WL 3617308, at *10 (D.D.C. June 13, 2018) (counsel sanctioned for disclosing "the mediator made a mediator's proposal, which was accepted by plaintiff but not by defendant."); *Bernard v. Galen Grp., Inc*, 901 F. Supp. 778, 784 (S.D.N.Y. 1995) (counsel sanctioned for disclosing mediator identity).

[REDACTED] *see Bluiett v. Pierre M. Sprey, Inc.*, No. CV AW-05-1244, 2009 WL 10685350, at *5 n. 2 (D. Md. Jan. 27, 2009) (determining that a party could only disclose "what documents were viewed during settlement discussions" <u>when the opposing party opened the door</u> by alleging defendant had failed to produce the documents during settlement discussions); *Handex of Maryland, Inc. v. Waste Mgmt. Disposal Servs. of Maryland, Inc.*, No. CV AW-05-1044, 2008 WL 11363365, at *6 (D. Md. July 10, 2008) (declining sanctions where the party merely "made a reference" to settlement discussions). Even if Counsel's interpretation was correct, the disclosures here include alleged opinions of the mediator on the merits and Bethesda's statements, clear privilege violations. (ECF 55 at 2.)

C.  **Local Rule 607 and the MMCA Apply**

Counsel make the baseless assertion that L.R. 607 applies only to proceedings where magistrate judges preside and not to other mediations. (ECF 68 at 1–2). Actually, L.R. 607

Honorable Gina L. Simms
Page 3

authorizes parties to use "*all* alternative dispute resolution processes" and explicitly permits "parties [to] agree to the use of a neutral other than a magistrate judge." (emphasis added.)

■■■ [redacted] ■■■

### III. Counsel Should Be Sanctioned

It is widely recognized that sanctions for mediation privilege violations are appropriate. *Zuver*, 2018 WL 3617308, at *12. This Court recognizes that *pro hac vice* admission is a privilege. *Ramirez v. England*, 320 F. Supp. 2d 368, 374 (D. Md. 2004). The Court may revoke an attorney's *pro hac vice* admission at any time. *La Michoacana Nat., LLC v. Maestre*, No. 3:17-CV-00727-RJC-DCK, 2020 WL 1126183, at *4 (W.D.N.C. Mar. 6, 2020). Bad faith is not required to revoke a *pro hac vice* admission. *See id*. Even though bad faith is not required, the circumstances show Counsel acted willfully and in bad faith, and revoking their *pro hac vice* admissions is appropriate.

Having attested to their familiarity with the Local Rules in their *pro hac vice* applications, chosen to bring a case in Maryland under Maryland law, and signed the Mediation Agreement, Counsel clearly knew of their obligations to keep mediation information confidential ■■■ [redacted] ■■■ Accordingly, contrary to Counsel's argument, revoking their *pro hac vice* admissions is not disproportionate to the offenses. Rather it squarely addresses the issues before the court: willful, bad faith violations of the Local Rules and Maryland law. *See Reason v. Wilson Concrete Prod., Inc.*, 2004 WL 1178759 at *3 (Ohio Ct. App. May 28, 2004) (revoking *pro hac vice* admission where counsel sought to apply pressure by violating mediation confidentiality thus "destroy[ing] the integrity of the mediation process"). Moreover, unlike the cases cited by Counsel, here, plaintiff is also represented by additional chosen counsel (who did not sign the Notice) and would be free to continue their representation.

The court can also order other sanctions, including costs, fees, and fines. *See e.g., Zuver*, 2018 WL 3617308 at *12; *Bernard*, 901 F. Supp. at 784 (S.D.N.Y. 1995); *Trustees of the Nat. Automatic Sprinkler Indus. Welfare Fund v. Fire Sprinkler Specialties, Inc.*, No. CIV.A. RWT-08-1890, 2010 WL 723803, at *1 (D. Md. Feb. 23, 2010).

Respectfully submitted,

*/s/ Margaret A. Esquenet*

Margaret A. Esquenet (D. Md. Bar. No. 27775)
Anna B. Naydonov (D. Md. Bar No. 21144)

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP